```
 1  Brian D. Martin (SBN 199255)
    bmartin@albblaw.com
 2  Joseph E. Pelochino (SBN: 224378)
    jpelochino@albblaw.com
 3  Mark A. Rein (SBN: 292437)
    mrein@albblaw.com
 4  ANDREWS LAGASSE BRANCH + BELL LLP
    4365 Executive Drive, Suite 950
 5  San Diego, CA  92121
    Telephone:  (858) 345-5080
 6  Facsimile:  (858) 345-5025

 7  Attorneys for Defendant
    STONE BREWING CO., LLC
 8
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE DOMINGUEZ, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>STONE BREWING CO., LLC, a California limited liability company; and DOES 1 through 100, inclusive;<br><br>Defendants. | CASE NO. **'20CV0251 WQHBLM**<br><br>**DEFENDANT STONE BREWING CO., LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1331, 1367, 1441, and 1446]**<br><br>Complaint filed:  December 23, 2019 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JESSE DOMINGUEZ AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant STONE BREWING CO., LLC hereby invokes this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1361, and pursuant to 28 U.S.C. §§ 1441 and 1446, removes this action to this Court from the Superior Court of the State of California in and for the County of San Diego.

## PLEADINGS, PROCESS, AND ORDERS

1. On December 23, 2019, Plaintiff Jesse Dominguez ("Plaintiff") filed a class action complaint against Defendant Stone Brewing Co., LLC ("Stone") in San Diego County Superior Court. The complaint is captioned *Jesse Dominguez v. Stone Brewing Co., LLC*, Case No. 37-2019-00068119-CU-OE-CTL (the "Complaint").

2. The Complaint alleges the following four causes of action: (1) Violation of 15 U.S.C. §§ 1681b(b)(2)(A) and 1681d(a) (Fair Credit Reporting Act); (2) Violation of California Civil Code §§ 1786 et seq. (Investigative Consumer Reporting Agencies Act); (3) Violation of California Civil Code §§ 1785 et seq. (Consumer Credit Reporting Agencies Act); and (4) Violation of California Business and Professions Code §§ 17200 et seq. (Unfair Competition Law).

3. Stone was purportedly served by substitute service.[1] On December 30, 2019, a copy of the summons and Complaint were purportedly left with a "John Doe" who was "in charge" of the office of Stone's registered agent for process. A copy of the summons and Complaint were thereafter mailed to Stone's registered agent for process on January 2, 2020. Assuming service was valid, it was complete ten days later on January 12, 2020. Cal. Civ. Proc. Code § 415.20(a).

4. A true and correct copy of the summons, Complaint, and related documents that were ultimately received by Stone's registered agent's office are attached hereto as **Exhibit A**. A true and correct copy of the proof of service that Plaintiff filed with the San Diego County Superior Court is attached hereto as **Exhibit B**.

---

[1] Stone disputes that it was properly served and does not waive any objections or defenses it may have to this Court exercising personal jurisdiction. *See Freeney v. Bank of America Corp.*, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015) (collecting cases for the proposition that a "defendant's election to remove a case to federal court does not waive a personal jurisdiction defense").

-2-   Case No.
DEFENDANT STONE BREWING CO., LLC'S
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

5. Stone is informed and believes that no other process, pleadings, or orders have been served on Stone or filed in this action. 28 U.S.C. § 1446(a).

## FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION EXISTS

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1331, and Stone may remove this action under 28 U.S.C. § 1441, in that it is a civil action arising under the laws of the United States. Specifically, Plaintiff alleges in his first cause of action that Stone obtains and uses information from background reports in connection with its hiring process without first providing a disclosure that complies with the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. Compl. ¶¶ 1–9, 47–57; *see also* 15 U.S.C. § 1681p ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy ….").

7. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claims because they form part of the same case or controversy as his FCRA claim. Separate claims "form part of the same case or controversy" when they involve "a common nucleus of operative facts" such that a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Here, Plaintiff's non-FCRA claims arise from the same "Disclosure Regarding Background Investigation," and the same alleged acquisition and use of various reports, as Plaintiff's FCRA claim. Compl. ¶¶ 17–33. Thus, all of Plaintiff's claims arise out of a common nucleus of operative facts.

## VENUE IS PROPER

8. Venue properly lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441(a), which provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States

ANDREWS LAGASSE BRANCH + BELL LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121

1  for the district and division embracing the place where such action is
2  pending.

3  9. As indicated above, Plaintiff filed this action in San Diego County
4  Superior Court. The United States District Court for the Southern District of
5  California encompasses this territory. 28 U.S.C. § 84(d).

## REMOVAL IS TIMELY

7  10. This Notice of Removal is timely because it is filed within thirty (30)
8  days after Stone was purportedly served. 28 U.S.C. § 1446(b)(1). *See Murphy*
9  *Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353–54 (1999) (thirty-
10 day period for removal triggered upon service, not mere receipt, of summons and
11 complaint).

12 11. "Although federal law requires the defendant to file a removal motion
13 within thirty days of service, the term "service of process" is defined by state law."
14 *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210–11
15 (5th Cir. 2005); *accord Osgood v. Main Street Marketing, LLC*, 2016 WL
16 6698952, at *2 (S.D. Cal. Nov. 15, 2016) (Curiel, J.). Substitute service on
17 organizational defendants under California law is governed by California Code of
18 Civil Procedure section 415.20(a), which provides:

> In lieu of personal delivery of a copy of the summons and complaint
> to the person to be served . . . a summons may be served by leaving a
> copy of the summons and complaint during usual office hours in [the
> registered agent's] office . . . with the person who is apparently in
> charge thereof, and by thereafter mailing a copy of the summons and
> complaint . . . to the person to be served at the place where a copy of
> the summons and complaint were left. . . . <u>Service of a summons in
> this manner is deemed complete on the 10th day after the mailing</u>.

25 Accordingly, when a defendant is served via substitute service, the thirty-day
26 removal timeframe does not begin to run until ten days after the summons and
27 complaint are mailed. *Ferrer v. Spring House Care, Inc.*, 2009 WL 10673195, at
28 *2–6 (C.D. Cal. Mar. 5, 2009); *accord Jimena v. Standish*, 504 F. App'x 632, 634

-4-  Case No.
DEFENDANT STONE BREWING CO., LLC'S
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

(9th Cir. 2013); *Ewing v. Integrity Capital Solutions, Inc.*, 2017 WL 744517, at *4 (S.D. Cal. Feb. 27, 2017) (Sammartino, J.) (same); *Osgood*, 2016 WL 6698952, at *2 (same).

12. As set forth above, the summons and Complaint were not mailed to Stone's registered agent until January 2, 2020. Pursuant to California Code of Civil Procedure section 415.20(a), service was complete ten days later on January 12, 2020. Stone therefore has until February 11, 2020 to remove this action. Therefore, this Notice of Removal is timely.

**NOTICE WILL BE PROVIDED TO PLAINTIFF AND STATE COURT**

13. In accordance with 28 U.S.C. § 1446(d), Stone's counsel certifies that a copy of this Notice of Removal and all supporting papers will be served on Plaintiff's counsel and filed with the Clerk of the San Diego County Superior Court.

**CONCLUSION**

14. The undersigned counsel has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, based on the foregoing, Stone gives notice that it has removed this action from the San Diego County Superior Court to this Court.

Dated: February 10, 2020

ANDREWS LAGASSE BRANCH + BELL LLP

By: s/ *Brian D. Martin*
BRIAN D. MARTIN
JOSEPH E. PELOCHINO
MARK A. REIN
Attorneys for Defendant
STONE BREWING CO., LLC